IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID ANTHONY FALLON,

        Plaintiff,

vs.

UNITED STATES GOVERNMENT,

        Defendant.

CIV. S-06-1156 LKK GGH PS
CIV. S-06-1489 GEB GGH PS
CIV. S-06-1512 MCE GGH PS
CIV. S-06-1663 DFL GGH PS
CIV. S-06-1694 LKK GGH PS
CIV. S-06-1708 DFL GGH PS
CIV. S-06-1746 MCE GGH PS
CIV. S-06-1900 LKK GGH PS
CIV. S-06-1975 FCD GGH PS

ORDER AND
FINDINGS AND RECOMMENDATIONS

        Plaintiff, proceeding in these actions pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. These proceedings were referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1). While the proceedings have not been related or consolidated under the Local Rules, in the interest of judicial economy, the undersigned issues this Order and Findings and Recommendations in each of the above-listed actions.

\\\\\

1

1         For each of the above listed actions, plaintiff has submitted an affidavit making
2  the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the requests to proceed in forma
3  pauperis will be granted.
4         Plaintiff's mostly handwritten complaints in these actions vary from one to three
5  pages in length, excluding exhibits.  Each of the complaints names the same defendant, "United
6  States Government," is at least partially illegible and for the most part is unintelligible.  In sum,
7  the complaint in No. CIV.S-06-1156 LKK GGH PS refers to vehicles in Kaiser Hospital's
8  parking lot in San Mateo, and seeks no damages; the complaint in No. CIV.S-06-1489 GEB
9  GGH PS sues the United States Government for alleged refusal of medical treatment by Kaiser
10 Hospital in South San Francisco to certain persons, implicates the South San Francisco Police
11 Department in some way, and prays for $5 trillion; the complaint in No. CIV.S-06-1512 MCE
12 GGH PS discusses plaintiff's mother, refers to "killers of family members," and seeks one
13 hundred million dollars; the complaint in No. CIV.S-06-1663 DFL GGH PS states only that there
14 is a question of Medi-Cal or Medi-Care insurance plans paying cash when prescribed by a doctor,
15 and seeks one trillion dollars; the complaint in No. CIV.S.-06-1694 LKK GGH PS states that the
16 county courthouse in Redwood City is haunted, possessed and barren of living human nature, and
17 seeks one hundred trillion dollars; the complaint in CIV.S.-06-1708 DFL GGH PS states that
18 plaintiff's mother went into a drug store after plaintiff filed for compensation in superior court, a
19 mention of embezzlement and plaintiff's mother's refusal to testify, and her comment to plaintiff
20 that he needs help; the complaint in CIV.S.-06-1746 MCE GGH PS discusses plaintiff's mother
21 and how her other son is accused by plaintiff of killings of whole families, including plaintiff's
22 family, although he was not suspected by authorities; however, plaintiff suspects his mother of
23 conspiracy; the complaint in CIV.S.-06-1900 LKK GGH PS suggests that defendant's land in
24 Southern Nevada could be used as a government owned underground freezer cemetery for use by
25 citizens, and seeks no damages; and, finally, the complaint in No. CIV.S-06-1975 FCD GGH PS
26 asserts that a California Highway Patrol officer pulled onto the freeway, went across four lanes of

1  traffic to slow it down, then pulled over to the side of the freeway, that plaintiff thought the
2  officer had pulled him over and arrested him, that the San Mateo County Department of Animal
3  Control pulled up, and that the CHP officer stated plaintiff was found guilty of treason and
4  should be put to death.  The complaint seeks five hundred trillion dollars in relief.

5        A federal court is a court of limited jurisdiction, and may adjudicate only those
6  cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co,
7  511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the
8  judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts
9  as the Congress may from time to time ordain and establish."  Congress therefore confers
10 jurisdiction  upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt
11 v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter
12 jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v.
13 Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

14       The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal
15 question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject
16 matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.
17 Wagstaffe, Federal Civil Procedure Before Trial § 2:5.

18       "The presumption is that a federal court lacks jurisdiction in a particular case until
19 it has been demonstrated that jurisdiction over the subject matter exists."  13 Charles A. Wright,
20 Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3522 at 62 (1984).
21 Plaintiff bears the burden of proof for establishing jurisdiction.  See, e.g., Sopcak v. Northern
22 Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel.
23 & Electronics Corp., 594 F.2d 730, 733 (9th Cir.1979).  Unless a complaint presents a plausible
24 assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.
25 Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as
26 to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.

1  Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974); Apple v. Glenn, 183 F.3d 477,
2  479 (6th Cir.1999) ("a district court may, at any time, sua sponte dismiss a complaint for lack of
3  subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure
4  when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous,
5  devoid of merit, or no longer open to discussion.")
6       A less stringent examination is afforded pro se pleadings, Haines v. Kerner, 404
7  U.S. 519, 520, 92 S. Ct. 594, 595, 30 L. Ed. 2d 652 (1972), but simple reference to federal law
8  does not create subject-matter jurisdiction. Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th
9  Cir.1995). Subject-matter jurisdiction is created only by pleading a cause of action that is within
10 the court's original jurisdiction. Id.
11      These mostly incomprehensible and illegible complaints present no basis
12 whatsoever for federal question jurisdiction. Therefore, the undersigned will recommend that
13 these actions be dismissed with prejudice for lack of subject matter jurisdiction. Based on
14 plaintiff's history of filing obviously frivolous actions, granting leave to amend would be futile.[1]
15 CONCLUSION
16      Accordingly, IT IS ORDERED that:
17      1. Plaintiff's requests for leave to proceed in forma pauperis in the above-listed
18 actions are granted;
19      2. The Clerk of the Court is directed to file and serve this Order and Findings and
20 Recommendations in each of the above-listed actions.
21      IT IS RECOMMENDED that these matters be dismissed for lack of subject
22 matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).
23 \\\\\

---

25  [1] For a summary of all actions filed by plaintiff in the last two years, see Findings and
    Recommendations, filed September 29, 2006, in Civ.S. 06-1227 FCD GGH PS, recommending
26  that plaintiff be declared a vexatious litigant.

1       These findings and recommendations are submitted to the United States District

2 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

3 (10) days after being served with these findings and recommendations, any party may file written

4 objections with the court and serve a copy on all parties.  Such a document should be captioned

5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6 shall be served and filed within ten (10) days after service of the objections.  The parties are

7 advised that failure to file objections within the specified time may waive the right to appeal the

8 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9 DATED: 10/17/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076
Fallonvarious.dis.wpd

5